**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JOSE E. ORTIZ,

       Petitioner,

                              **CASE NO. 2:06-CV-777**
    v.                          **JUDGE SMITH**
                              **MAGISTRATE JUDGE KING**

JAMES KARNES, Franklin County Sheriff
and MARC DANN, OHIO ATTORNEY GENERAL,

       Respondents.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse and notice of exhaustion, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED,** that petitioner's request for an evidentiary hearing be **DENIED**, that respondent's motion to dismiss the State of Ohio be **GRANTED** and that Franklin County Sheriff James Karnes and Ohio Attorney General Marc Dann be **SUBSTITUTED** as the proper respondents in this action.

## I.  PROCEDURAL HISTORY

On September 18, 2006, petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. §§2254 and 2241. Petitioner alleges that he was extradited to Ohio from Florida after being arrested on March 8, 2005, in Philadelphia, Pennsylvania, and after being extradited to Florida on an outstanding parole warrant. *Petition*, at 3.[1] He is currently incarcerated and awaiting trial on

---

[1]  Petitioner states that he was incarcerated for over eight years in Wyoming and Florida, and was therefore unable to appear in court on the Ohio indictments against him. *See Traverse*.

indictments filed by the May 1994 term and September 2005 terms of the Franklin County grand jury on charges of burglary, receiving stolen property, theft, possession of criminal tools and robbery. *See* Exhibits A and B to *Return of Writ*. On February 28, 2006, the State of Ohio issued a warrant for petitioner's arrest to return him to Ohio from prison in Florida to answer these charges. Exhibit C to *Return of Writ*. Apparently, petitioner has been in the custody of the Franklin County Sheriff, James Karnes, at the Franklin County Jail since April 2006. *Return of Writ*, at 2. On August 8, 2006, petitioner filed a petition for a writ of habeas corpus in the state trial court.[2] Exhibit D to *Return of Writ*. That petition apparently remains pending. Additionally, on August 4, 2006, petitioner filed a motion for the appointment of new counsel, alleging the ineffective assistance of counsel. On August 23, 2006, petitioner filed a motion to dismiss the charges against him on speedy trial grounds. Exhibit E to *Return of Writ*. Petitioner has filed a *Notice of Exhaustion* in which indicates that the trial court denied his motion for appointment of new counsel. *See* Doc. No. 13. Petitioner states that the trial court has not ruled on his petition for a writ of habeas corpus or his speedy trial motion, and he has filed a petition for a writ of mandamus in the state appellate court. *See Traverse*, at 2-3.

In this habeas corpus petition, petitioner asserts that he is in the custody in violation of the Constitution of the United States based upon the following grounds:

1. Prosecutorial misconduct.

2. Ineffective assistance of counsel (pre-trial).

3. Lack of probable cause – charges against manifest weight of evidence.

---

[2] The tendered copy of this state habeas corpus petition is illegible. *See* Exhibit D to *Return of Writ.*

2

4. Denial of due process of law.

5. Illegal indictments.

6. Illegal grand jury proceedings.

7. Statute of limitations ran out.

8. Double jeopardy violations.

Petitioner also raises various issues concerning his conditions of confinement.[3] He alleges that jail officials are retaliating against him for having filed a civil action under 42 U.S.C. §1983, and that his mail is tampered with or seized by jail officials, thereby rendering him unable to exhaust state court remedies. Petitioner further alleges that he is unable to contact his attorney or clergy, and that he is denied adequate nutrition, exercise, and proper sanitation. Petitioner states that his jail cell is crowded, infested with insects, dirty, improperly ventilated and hot. He states that he has developed health problems, is under stress and that his life is in imminent danger. Finally, petitioner alleges that he is being denied adequate clothing and bedding. *Petition*, at 5.

It is the position of the respondent that petitioner's federal habeas corpus must be dismissed as unexhausted or as failing to present claims appropriate for federal habeas corpus review. Respondent also requests that the State of Ohio be dismissed as improperly named as the respondent.

## II. DISMISSAL OF STATE OF OHIO AS RESPONDENT

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts

---

[3] Petitioner also filed a civil complaint in this Court pursuant to 42 U.S.C. §1983, a portion of which complaint remains pending. *See Ortiz v. Jim Karnes, Franklin County et al.*, Case No. 2:06-CV-562.

3

provides in relevant part as follows:

> (a) Current Custody; Naming the Respondent. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

> (b) Future Custody; Naming the Respondents and Specifying the Judgment. If the petitioner is not yet in custody--but may be subject to future custody--under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. The petition must ask for relief from the state-court judgment being contested.

The Advisory Committee Notes clarify:

> Subdivision (b) prescribes the procedure to be used for a petition challenging a judgment under which the petitioner will be subject to custody in the future. In this event the relief sought will usually not be release from present custody, but rather for a declaration that the judgment being attacked is invalid. Subdivision (b) thus provides for a prayer for "appropriate relief." It is also provided that the attorney general of the state of the judgment as well as the state officer having actual custody of the petitioner shall be named as respondents. This is appropriate because no one will have custody of the petitioner in the state of the judgment being attacked, and the habeas corpus action will usually be defended by the attorney general. The attorney general is in the best position to inform the court as to who the proper party respondent is. If it is not the attorney general, he can move for a substitution of party. Since the concept of "custody" requisite to the consideration of a petition for habeas corpus has been enlarged significantly in recent years, it may be worthwhile to spell out the various situations which might arise and who should be named as respondent(s) for each situation:  (1) The applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking. The named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison). (2) The applicant is on probation or parole due to the state judgment he is attacking. The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate. (3) The applicant is

in custody in any other manner differing from (1) and (2) above due to the effects of the state action he seeks relief from. The named respondent should be the attorney general of the state wherein such action was taken. (4) The applicant is in jail, prison, or other actual physical restraint but is attacking a state action which will cause him to be kept in custody in the future rather than the government action under which he is presently confined. The named respondents shall be the state or federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody. (5) The applicant is in custody, although not physically restrained, and is attacking a state action which will result in his future custody rather than the government action out of which his present custody arises. The named respondent(s) shall be the attorney general of the state whose action subjects the petitioner to future custody, as well as the government officer who has present official custody of the petitioner if there is such an officer and his identity is ascertainable. In any of the above situations the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice.

*Id*. Under no circumstances is the State of Ohio the proper respondent. Respondent's request to dismiss the State of Ohio as the respondent should therefore be **GRANTED.** Because petitioner is awaiting trial, the Franklin County Sheriff James Karnes, who currently maintains custody of the petitioner, and Marc Dann, the Ohio Attorney General, should be substituted as the appropriate respondents in this action. *See id.*

## III. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the

exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of only one of these remedies is all that is necessary. It does not appear that petitioner has fully exhausted any of the claims presented in this action.

Petitioner contends that he brings this action under 28 U.S.C. §2241, and that exhaustion is not required. This argument fails. The United States Court of Appeals has summarized the differences between a petition for a writ of habeas corpus brought under §2254, §2241, (and §2255) as follows:

> Courts interpret §2241 as the statutory grant of authority to issue habeas writs, and §2254 as implementing that authority with respect to state prisoners. *See White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir.2004) ( "Although the text of either statute would appear to confer jurisdiction ... Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court ...." (citation and quotation marks omitted) (emphasis in original)); *Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir.2003) ("Section 2254(a) is more in the nature of a limitation on authority than a grant of authority.... [It] merely specifies the class of state prisoners to which the additional restrictions of §2254 apply. In sum, §2254 is not an independent and additional post-conviction remedy for state prisoners; there is but a single remedy, the writ of habeas corpus.").

> On the other hand, §2255 governs collateral attacks by federal prisoners ("prisoner[s] in custody under sentence of a court established by Act of Congress") seeking to be released on the ground that "the[ir] sentence was imposed" unlawfully.FN1 It does not apply to state prisoners, or to federal prisoners challenging the execution of their sentences- *i.e.,* the manner in which their sentences are served. Federal prisoners who wish to collaterally challenge the execution of their sentences must petition for relief under §2241.

> FN1. In rare cases where §2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention" a federal prisoner may

> challenge the imposition of his conviction or sentence under § 2241. *U.S. v. Peterman,* 249 F.3d, 458, 461 (6th Cir.2001) (quotation marks omitted); 28 U.S.C. §2255.
>
> The same is not true of state prisoners who proceed under §2254, because §2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences. And indeed, there exists some question whether state prisoners may *ever* proceed under § 2241. *See Cook v. N.Y. State Div. of Parole,* 321 F.3d 274, 278 (2d Cir.2003) ("A state prisoner such as Cook ... not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence ... under section 2254. A petition under section 2241 is therefore unavailable to him." (footnote omitted)).

*Allen v. White*, 185 Fed.Appx. 487, unpublished, 2006 WL 1716712 (6th Cir. June 22, 2006). Regardless, however, of whether petitioner proceeds under §2254 or §2241, the exhaustion requirement remains applicable to his claims. *Id.*, citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001)(quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000); *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004)*. See also Martin v. Ohio Adult Parole Authority*, 2006 WL 3490973 (N.D. Ohio December 1, 2006)(exhaustion requirement applies under both §2254 and §2241); *Salerno v. Michigan*, 2007 WL 1120394 (W.D. Michigan April 13, 2007)(same). Additionally, the record fails to support petitioner's allegation that he is unable to access the Ohio courts in order to exhaust the issues that he presents in this action; petitioner is represented by counsel in the state court proceedings pending against him.

To the extent that petitioner asserts that he is being improperly treated by jail officials, these claims are not properly considered under §2241 or §2254. The writ habeas corpus is available to challenge the fact or duration of one's confinement, not the conditions of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Stated another way, "the sole function of habeas corpus is to

provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." *Cook v. Hanberry,* 592 F.2d 248, 249 (5th Cir. 1979) ( *per curiam* ). A petition under 28 U.S.C. §2241 "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement." *Al-Bakri v. Sniezek*, unpublished, 2006 WL 42165 (N.D. Ohio January 5, 2006), citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *Velasco v. Lamanna,* No. 00-4139, 16 Fed.Appx. 311, 314 (6th Cir. June 20, 2001); *Okoro v. Scibana,* No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Mar. 25, 1999); *see also Smith v. Sniezek*, unpublished, 2007 WL 642017 (N.D. Ohio February 27, 2007)(retaliation claims properly brought under 42 U.S.C. §1983, not habeas corpus petition). Thus, petitioner's claims regarding the conditions of his confinement would be properly presented in an action under 42 U.S.C. §1983, and may not be considered in this habeas corpus proceeding.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** It is further **RECOMMENDED** that petitioner's request for an evidentiary hearing be **DENIED,** that respondent's motion to dismiss the State of Ohio as the respondent be **GRANTED** and that the Franklin County Sheriff, James Karnes, and the Ohio Attorney General, Marc Dann, be substituted as the proper respondents in this action.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper

8

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

July 5, 2007                                        _____s/Norah McCann King_____
                                                              Norah McCann King
                                                       United States Magistrate Judge

9