**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOSE E. ORTIZ,** | **CASE NO. 2:06-cv-777** |
| | **JUDGE SMITH** |
| Petitioner, | **MAGISTRATE JUDGE KING** |
| v. | |
| **JAMES KARNES, Franklin County Sheriff and MARC DANN, OHIO ATTORNEY GENERAL,** | |
| Respondents. | |

## OPINION AND ORDER

On July 5, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED** and this action is hereby **DISMISSED**.

Petitioner contends that he has exhausted state court remedies as to his claims and that it is futile for him to seek further state court relief, as exhaustion of state court remedies is futile. Petitioner contends that any attempt to raise his claims in the state courts now will be barred under Ohio's doctrine of *res judicata*, since he has already attempted to present his claims in a state habeas corpus or mandamus action. *See Objections*. Petitioner again argues that he has exhausted his claims by filing a request for new counsel in the state trial court, and a motion to dismiss pending charges against him on speedy trial grounds. *Id*. Petitioner states that direct appeal is not available because his attorney failed to preserve any error for review. *Id*. He appears to indicate that the time period to file an appeal expired February 22, 2007. Finally, petitioner states that he is no longer

awaiting trial and that the Magistrate Judge's procedural history is incorrect. *Id*. He alternatively argues that a stay of proceedings pending exhaustion of state remedies is appropriate in this case. *Id*.

Nothing in the record before this Court reflects that petitioner has yet been convicted or pursued an appeal in the Ohio courts. On June 21, 2007, the Ohio Tenth District Court of Appeals denied petitioner's petitioner for a writ of habeas corpus in relevant part as follows:

> As with other extraordinary writs, habeas corpus is not available if there is an adequate remedy in the ordinary course of law. *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78. Ortiz's complaint and his response to respondents' motion for summary judgment, indicate that his habeas corpus claim is based on allegations of improprieties that have occurred below, including prosecutorial misconduct, improper indictment, improper extradition, ineffective assistance of counsel, and deficiencies in the evidence. It is clear that all of the issues raised by Ortiz are issues that can be properly addressed through a direct appeal of any adverse decision by the trial court. Consequently, there is an adequate remedy in the ordinary course of law, and, thus, habeas corpus is not available.

*State ex rel. Ortiz v. Franklin County Court of Common Pleas*, 2007 WL 1816272 (Ohio App. 10 Dist. June 21, 2007). As noted by the Magistrate Judge, all of petitioner's claims appear to be issues that would properly be raised on direct appeal, or presented in an action under 42 U.S.C. §1983, and not properly considered in these habeas corpus proceedings. If the time period has passed to file a direct appeal, petitioner still may pursue a delayed appeal pursuant to Ohio Appellate Rule 5(A).[1]

---

[1] Ohio Appellate Rule 5(A) provides:

Motion by defendant for delayed appeal.

(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

(a) Criminal proceedings;

Petitioner also may raise on direct appeal a claim of ineffective assistance of counsel due to his attorney's failure to preserve any errors for appeal. The record does not reflect that a stay of proceedings is appropriate in this case. *See Rhines v. Weber*, 544 U.S. 269 (2005).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

    /s/ George C. Smith
    GEORGE C. SMITH
    United States District Judge

---

(b) Delinquency proceedings; and

(c) Serious youthful offender proceedings.

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.